```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
POWER UP LENDING GROUP, LTD,

                    Plaintiff,

       -against-                              MEMORANDUM & ORDER
                                              15-CV-4537(JS)(SIL)
DANCO PAINTING, LLC, and DANIEL
DAMBROSIA,

                    Defendants.
----------------------------------------X
```
SEYBERT, District Judge:

Pending before the Court is Plaintiff Power Up Lending Group, Ltd's ("Plaintiff") motion seeking a default judgement against Defendants Danco Painting, LLC, and Daniel Dambrosia (together, "Defendants"), and Magistrate Judge Steven I. Locke's Report and Recommendation ("R&R"), recommending that Plaintiff's motion be granted. (Docket Entry 10.) For the following reasons, the Court ADOPTS Judge Locke's R&R in its entirety.

BACKGROUND

Plaintiff commenced this action on August 4, 2015, alleging that Defendants defaulted on a loan agreement and several related covenants. (Compl. ¶¶ 13-35.) After Defendants did not file an Answer to Plaintiff's Complaint, Plaintiff filed a motion seeking a default judgment on December 17, 2015. (Docket Entry 8.) On January 20, 2016, the undersigned referred Plaintiff's motion to Judge Locke for an R&R on whether the motion should be granted. (Docket Entry 9.)

Judge Locke issued his R&R on August 10, 2016. The R&R recommends that the motion for a default judgment be granted in its entirety; that Plaintiff should be awarded $96,199.94 in compensatory damages and $6,561.15 in prejudgment interest, accruing at a daily rate of $15.81 until judgment is entered; and that Defendants be held jointly and severally liable for damages. (R&R at 2.) The R&R further recommends that the Court deny without prejudice Plaintiff's requests to foreclose on its security interest and for litigation expenses. (R&R at 2.)

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Locke's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

CONCLUSION

Judge Locke's R&R (Docket Entry 10) is ADOPTED in its entirety and Plaintiff's motion for a default judgment is GRANTED (Docket Entry 8). The Clerk of the Court is directed to enter judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $96,199.94, plus $6,561.15 in prejudgment interest, accruing at a daily rate of $15.81 until judgment is entered. In addition, Plaintiff's requests to foreclose on its security interest and for litigation expenses are DENIED WITHOUT PREJUDICE.

If Plaintiff chooses to renew its foreclosure request, it is directed to submit a draft foreclosure order. And if Plaintiff chooses to renew it request for litigation expenses, it is directed to submit records substantiating its request.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September __23__, 2016
       Central Islip, New York